UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD B. BROOKS, | Case No. 16-cv-06418-HSG (PR) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| R. FOX, Warden, | |
| Respondent. | |

### INTRODUCTION

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis* in a separate order. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

According to the petition, in 1976 in San Francisco County Superior Court, Petitioner was convicted first degree murder following entry of a guilty plea. He was sentenced to seven years to life in state prison. Petitioner did not file an appeal. Petitioner states in his petition that has not filed any other petitions with respect to this conviction in any court. However, the California appellate courts on-line register of actions shows that he filed three unsuccessful habeas petitions in the California Supreme Court. The instant action was filed on November 2, 2016. The Court dismissed the action without prejudice on December 29, 2016 because petitioner failed to complete the court's form habeas petition and an *in forma pauperis* application. The action was reopened on May 21, 2018 after Petitioner filed the necessary documents.

**DISCUSSION**

A.  **Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  **Petitioner's Claims**

Petitioner claims that: (1) the California Board of Prison Terms, in denying Petitioner parole, has failed to consider (a) the fact that Petitioner was a youth offender at the time of the offense underlying the conviction and (b) Petitioner's physical health, and (2) Petitioner's ongoing confinement is disproportionate to his culpability and therefore violates the Eighth Amendment's prohibition against cruel and unusual punishment. The Court orders Respondent to show cause why the petition should not be granted as to these claims. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall mail a copy of this order and the petition with all attachments (dkt. no. 9) to the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record and/or parole eligibility hearings that have been transcribed previously and that are relevant to a determination of the issues presented by the

petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of the date the answer is filed.

3. Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 7/23/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge