UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD B. BROOKS, | No. 2:19-cv-00879 JAM GGH P |
| Petitioner, | |
| v. | <u>ORDER</u> |
| R. FOX, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and Local Rule 302(c). Petitioner has filed a motion to stay in order to exhaust state court remedies on all of his claims. ECF No. 28. Respondent has filed an opposition. ECF No. 29. For the following reasons, the motion to stay will be denied.

On May 23, 2019, the undersigned dismissed petitioner's application for writ of habeas corpus with leave to amend. ECF No. 24. The petition was dismissed for failure to comply with Rule 2(c), Rules Governing Section 2254 Cases based on the court's confusion on whether petitioner was alleging grounds contesting his 1976 conviction from the San Francisco County Superior Court or what appeared to be a denial for parole. <u>Id.</u> Moreover, based on petitioner's representations that he did not file an appeal for his conviction in the Court of Appeal, State Supreme Court, or any other court (ECF No. 9 at 2-3), the undersigned instructed petitioner to

allege in his amended petition whether he had exhausted his state court remedies. ECF No. 24. On June 21, 2019, petitioner requested a thirty-day extension of time to comply with the court's May 23, 2019 instructions, which the court granted. ECF Nos. 26, 27. On July 8, 2019, petitioner filed a one-page motion to stay. ECF No. 28. Petitioner did not provide whether he was seeking a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) or Rhines v. Weber, 544 U.S. 269 (2005).

Respondent opposes the motion stating the motion is premature because petitioner has not filed his amended petition clarifying the nature and details of his claims. ECF No. 29 at 2. Respondent further argues a stay may be "futile depending on what state action or order petitioner is challenging." Id. The court agrees. Because it is unclear which conviction or judgment petitioner is contesting, the motion to stay is premature. The undersigned will dismiss the motion without prejudice subject to renewal to allow petitioner one more opportunity to file his amended petition in compliance with the court's May 23, 2019 order. Thereafter, petitioner may seek a stay.

When amending his petition, petitioner should take the foregoing principles into consideration if he seeks to file a motion to stay. A motion for stay and abeyance is available as long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). In the alternative, petitioner may proceed with a stay request as outlined in King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). In King, the Ninth Circuit held that in addition to the stay procedure authorized in Rhines, district courts also have discretion to permit petitioners to follow the three-step stay-and-abeyance procedure approved in Calderon v. U.S. Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Pursuant to the King procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches

the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070–71. The King stay-and abeyance procedure has no requirement of a good cause showing or that the claims are potentially meritorious. However, the King procedure does not itself toll the statute of limitations for the unexhausted claim.

Accordingly, the motion to say will be denied without prejudice and subject to renewal after the submission of petitioner's amended petition and in forma pauperis application. Petitioner is reminded that he must take care to comply with the instructions set forth in this order and the court's May 23, 2019 order when filing his amended petition and application to proceed in forma pauperis.

In accordance with the above, IT IS HEREBEY ORDERED that:

1. Petitioner's motion to stay (ECF No. 28) is denied without prejudice to renewal; and
2. Petitioner shall file an amended petition and application to proceed in forma pauperis in compliance with the court's May 23, 2019 instructions within thirty days from the date of this order.

Dated: August 6, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE